UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAY BETTENCOURT,<br><br>Plaintiff,<br><br>v.<br><br>GORDON SPENCER, et al.,<br><br>Defendants. | No. 2:18-cv-2895 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983, and is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has now amended his complaint.

As discussed below, plaintiff's amended complaint is dismissed without leave to amend.

Screening Standards

As set forth by prior order, this court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1

Plaintiff's Amended Complaint

Plaintiff vehemently objects to the prior dismissal of his civil rights complaint. He again sues Gordon Spencer,[1] former district attorney, Merced County, and alleges jurisdiction under 18 U.S.C. § 241, conspiracy against civil rights, and 18 U.S.C. § 242, deprivation of rights under color of law, and claims false imprisonment and deprivation of right to parole hearings due to falsified evidence violating the Constitution. (ECF No. 11 at 3.) Plaintiff claims defendant Spencer "knowingly us[ed] and present[ed] falsified evidence against . . . plaintiff" in bringing charges of first degree murder, robbery and burglary against plaintiff. (ECF No. 11 at 4.)

Plaintiff was convicted by a jury in December of 1992 of first-degree murder with the special circumstances that the murder occurred during the commission of a burglary, robbery, or during the flight following the commission of a robbery and burglary. (ECF No. 11 at 49.) Plaintiff received a life sentence without the possibility of parole.[2] (Id.)

Plaintiff seeks release on parole or a parole hearing; release from prison; and reinstatement of his Social Security benefits retroactive to the date of his arrest. (ECF No. 11 at 6.) Plaintiff provides numerous exhibits, most of which pertain to his underlying 1992 conviction. (ECF No. 11 at 40-120, *passim*.)

Discussion

Plaintiff seeks release from prison based on alleged fraud in police reports and false evidence adduced in his underlying criminal trial. State prisoners, however, may not challenge the fact or duration of their confinement in a § 1983 action; their sole remedy lies in habeas corpus relief. Preiser v. Rodriguez, 411 U.S. 475, 479 (1973) ("Release from penal custody is not

---

[1] Although plaintiff includes "et al." following the name "Gorden Spencer," plaintiff named no other individual as a defendant in the amended complaint.

[2] He was also convicted of robbery and burglary, and in a separate proceeding, the state trial court found plaintiff had served a prior prison term. But the punishment on the offenses of robbery and burglary, as well as the prior prison term enhancement, were stayed. (ECF No. 11 at 49 n.1; 51.) See also Bettencourt v. Ivey, Case No. 2:17-cv-1504 GEB DB (E.D. Cal.) (ECF No. 4) (civil rights complaint seeking reduction of sentence dismissed because such claim must be brought in a petition for writ of habeas corpus); Bettencourt v. Terhune, Case No. 1:99-6044 AWI LJO P (E.D. Cal.) (habeas petition dismissed as barred by the statute of limitations).

an available remedy under the Civil Rights Act"); Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) (*en banc*) ("[H]abeas corpus is the exclusive remedy to attack the legality of [a] conviction or sentence. . . ."), cert. denied, 137 S. Ct. 645 (U.S. Jan. 9, 2017); Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).[3] A habeas corpus action is the proper mechanism for a prisoner to challenge the fact or duration of his confinement, but a civil rights action is the proper mechanism for challenging the conditions of his confinement. Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1990). Because plaintiff is challenging the fact or duration of his confinement, he must bring his claims in a petition for a writ of habeas corpus. For this reason, plaintiff's amended civil rights complaint must be dismissed.

Plaintiff's allegation that defendant conspired to violate plaintiff's constitutional rights under section 1983 does not alter this result. To state a claim for a conspiracy to violate an individual's civil rights under section 1983, plaintiff must state specific facts to support the existence of the claimed conspiracy. Burns v. Cnty. of King, 883 F.2d 819, 821 (9th Cir. 1989). Plaintiff must demonstrate "an agreement or meeting of the minds to violate constitutional rights," and [t]o be liable, each participant in the conspiracy need not know the exact details of the plan, but each participate must at least share the common objective of the conspiracy." Crowe v. Cnty. of San Diego, 608 F.3d 406, 440 (9th Cir. 2010). Here, plaintiff sets forth no allegations demonstrating an agreement or meeting of the minds; rather, plaintiff only names one defendant. Moreover, plaintiff simply refers the court to his "119 pages of the authentic case recorded documents" appended to his amended pleading, most of which pertain to his underlying criminal conviction, and claims such exhibits demonstrate that there was a conspiracy to wrongfully convict plaintiff of murder. (ECF No. 11 at 16.) Indeed, plaintiff states that he "will send out fair notice by name and title of each such defendant, how they were engaged in the events of this conspiracy acts in violation of their duties." (ECF No. 11 at 17.) Plaintiff claims that the case

---

[3] The Supreme Court held that "a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration. Wilkinson, 544 U.S. at 81-82.

3

from arrest to jury trial is a conspiracy by the Merced police, Livingston Police, Merced County District Attorney's office, defense counsel, the Merced County Public Defender's office, investigators, and appointed appeals attorney for the defendant. (ECF No. 11 at 15.) Plaintiff's conclusory statements are insufficient to state a claim for conspiracy under section 1983.

Finally, even assuming plaintiff could allege facts demonstrating falsified evidence led to his criminal conviction, or that there was a conspiracy to submit such false evidence, such claim is barred absent a showing that his conviction or sentence has been reversed, expunged, or otherwise invalidated. In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. The favorable-termination rule laid out in Heck preserves the rule that claims which, if successful, would necessarily imply the invalidity of a conviction or sentence, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues for relief. Muhammad v. Close, 540 U.S. 749, 750-751 (2004). In interpreting Heck, the Ninth Circuit has explained that "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012), citing Smith v. City of Hemet, 394 F.3d 689, 695 (9th Cir. 2005). Plaintiff's allegations that defendant conspired to unjustly convict plaintiff are precluded by application of Heck.

For all of these reasons, plaintiff's amended complaint is dismissed. Because plaintiff cannot rectify the deficiencies described above through amendment, his complaint should be dismissed without leave to amend, and this action dismissed without prejudice to the refiling of a habeas petition.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed; and

4

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 12, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bett2895.56