UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAY BETTENCOURT,<br><br>    Plaintiff,<br><br>    v.<br><br>GORDON SPENCER, et al.,<br><br>    Defendants. | No. 2:18-cv-2895 KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff's civil rights action, brought under 42 U.S.C. § 1983, was dismissed without prejudice on July 10, 2019. On October 15, 2020, plaintiff filed a petition and a motion for reconsideration and request for appeal, as well as a motion for appointment of counsel, which plaintiff claims he also mailed to the Ninth Circuit.

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970

1   (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The
2   burden of demonstrating exceptional circumstances is on the plaintiff.  Id.
3          This action is closed.  On July 10, 2019, plaintiff's amended complaint was dismissed and
4   judgment was entered.  In addition, on May 12, 2020, the dismissal was affirmed by the Court of
5   Appeals for the Ninth Circuit, and the mandate was spread on August 26, 2020.   Because
6   plaintiff's pleading was dismissed without prejudice, and judgment entered, he cannot
7   demonstrate success on the merits of his claims.  Therefore, appointment of counsel is not
8   appropriate.
9          Because this case is closed, plaintiff is advised that documents filed by plaintiff since the
10  closing date will be disregarded and no orders will issue in response to future filings.
11         Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of
12  counsel (ECF No. 31) is denied.  No orders will issue in response to future filings.
13  Dated:  October 20, 2020

/bett2895.31

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2